UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRESTMARK FINANCIAL
CORPORATION,

      Plaintiff,

vs.

DMJ SERVICES, INC., MICHELLE
MAYHUGH and BEKINS WORLDWIDE
SOLUTIONS,

      Defendants.
                            /

CASE NO. 05-CV-73076-DT
HON. LAWRENCE P. ZATKOFF

**OPINION AND ORDER**

AT A SESSION of said Court, held in the City of Port Huron,
State of Michigan, on the 14TH day of December, 2005.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Bekins Worldwide Solutions' ("Bekins") Motion to Vacate Default Judgment (Docket No. 5) and Plaintiff's Motion for Alternate Service of Process upon Defendants DMJ and Mayhugh and to Extend Summons (Docket No. 11). Plaintiff has responded to Bekins' Motion to Vacate Default Judgment and Bekins has filed a reply brief. As neither Defendant DMJ Services, Inc. nor Michelle Mayhugh have been served, they have not filed a response to the Motion for Alternate Service and to Extend Summons. The facts and legal arguments are adequately set forth in the briefs submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), this Court ORDERS that both Motions be decided upon the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Bekins' Motion to Vacate Default Judgment is GRANTED and Plaintiff's Motion for Alternate Service and to Extend Summons is GRANTED IN PART AND DENIED IN PART.

## II. BACKGROUND

Plaintiff filed the instant action on August 9, 2005. On August 18, 2005, the Complaint was served on Bekins' agent, CT Corporation. On September 15, 2005, upon having received no answer to the Complaint, Plaintiff filed a Request for Clerk's Entry of Default and the same was appropriately entered on September 16, 2005.

Bekins maintains that it did not receive a copy of the Complaint until September 15, 2005, because CT Corporation initially misdirected the Complaint to another company. Bekins represents that its counsel called counsel for Plaintiff on September 15, 2005, and left a message but did not have an opportunity to discuss this matter until September 16, 2005. Bekins filed its Motion to Vacate Default Judgment on September 16, 2005.

Plaintiff has been unable to serve the other two defendants, DMJ Services, Inc. ("DMJ") and Michelle Mayhugh ("Mayhugh"), despite numerous attempts to do so at several locations that were last known addresses for such defendants. Mayhugh is the "PCEO" and Registered Agent for DMJ. Plaintiff attempted to serve Mayhugh and DMJ at the address recorded for DMJ with the Florida Department of State, Division of Corporations (9150 NW 105 Way, Medley, Florida), which was also the address listed for Mayhugh as the Registered Agent. Plaintiff also attempted to serve Mayhugh at the address listed for her as "Officer/Director" (16006 Kilmarnock Dr., Miami Lakes, Florida) on record with the Florida Department of State, Division of Corporations. In fact, the process server left a copy of the Summons and Complaint at the residence at 16006 Kilmarnock Dr. on September 1, 2005, after (a) a person described as a 15-20 year old male answered the door and said, at various times, (1) Mayhugh was not at home, (2) he didn't know Mayhugh, and (3) the "Schwartz" family currently resided at that address, and (b) a woman who did not identify herself then slammed the door in the process server's face. Plaintiff also attempted to serve them at another business address of Mayhugh's (8100 NW 29th Street, Miami, Florida 33122 (Mayhugh's last known business address)), but was not successful.

## III.  OPINION

**A.     Vacate Default Judgment**

The Court first notes that Default Judgment has never been requested nor entered in this matter.  The Court therefore shall treat Bekins' motion as a Motion to Vacate the Entry of Default. Fed. R. Civ. P. 55(c) provides that a court may set aside an entry of default "for good case shown." The Court's determination of whether good cause exists to set aside the default requires a three-prong analysis: (1) whether Plaintiff will be prejudiced; (2) whether Bekins has established a meritorious defense to Plaintiff's claim; and (3) whether Bekins' culpable conduct led to the default. *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 74 (6th Cir. 2002).

Plaintiff does not argue that Bekins acted in bad faith in failing to answer or that Bekins should be faulted for the failure to answer the Complaint in a timely manner.  As the record reflects, a mistake was made by Bekins' agent with respect to forwarding the Complaint to Bekins. Moreover, upon receipt of the Complaint, Bekins immediately attempted to contact Plaintiff in order to avoid the entry of default and to file an answer.  Accordingly, the Court finds that there was no culpable conduct of Bekins leading to the default.

Plaintiff also does not argue in its brief that it would be prejudiced if the entry of default were vacated.  Based on the early stages of this case (i.e., only one of three defendants has been served and no scheduling conference has been held), the Court finds that Plaintiff would not be prejudiced by vacating the entry of default.

Plaintiff does, however, adamantly contest that Bekins has a meritorious defense to this action.  In its initial brief, Bekins stated in a conclusory fashion that it had a meritorious defense, to wit: "Bekins has a meritorious defense.  As Bekins' outside counsel has communicated to Plaintiff's outside counsel in February 2005, Bekins is entitled to set-off amounts due to DMJ Services, Inc."  As Plaintiff argued, that statement alone would probably not suffice to establish a meritorious defense where a default has been entered. *See Clarendon Ltd. v. Foster*, 1993 WL 339703 at **7, 7 F.3d 232 (Table) (6th Cir. 1993) (internal quotations omitted) ("Although in an

answer general denials normally are enough to raise a meritorious defense, the moving party on a motion to reopen a default must support its general denials with some underlying facts."). In its reply brief, however, Bekins has attached two exhibits (a Promissory Note from defendant Michelle Mayhugh and a letter from Bekins' counsel to Plaintiff's counsel) regarding set-off rights. The Court finds that these exhibits constitute facts in support of a meritorious defense, thereby satisfying the remaining element of the three-prong *Weiss* test set forth above.

For the reasons set forth above, the Court concludes that Bekins has met its burden of demonstrating why the Court should vacate the entry of default filed by the clerk on September 16, 2005. Accordingly, Bekins' Motion to Vacate Default Judgment is GRANTED and the Court ORDERS that the Clerk's Entry of Default (Docket No. 4) filed on September 16, 2005, be VACATED.

**B.     Alternate Service and Extension of Summons**

Plaintiff asserts that "arguably" Mayhugh and DMJ were properly served when a copy of the Summons and Complaint were left on the porch at the 16006 Kilmarnock Drive residence on September 1, 2005. Fed. R. Civ. P. 4(e)(2). As the process server's affidavit could only describe the person at the address as a male "15-20 years old" and such papers were not handed to such male but left on the porch, however, the Court cannot find that such service was effective for purposes of Fed. R. Civ. P. 4(e)(2). First, it is not clear that someone of suitable age and discretion was present and, second, there is no certainty that any person picked up such documents.

Plaintiff therefore asks that the Court enter an Order allowing Plaintiff to serve Mayhugh and DMJ by mailing a copy of the Summons and Complaint via first class mail Mayhugh at all of the following addresses:

        1.     16006 Kilmarnock Dr., Miami Lakes, Florida 33014 (Mayhugh's last known residence);

        2.     9150 NW 105 Way, Medley, Florida 33178 (DMJ's last known business address as reported to the State of Florida); and

      3.      8100 NW 29th Street, Miami, Florida 33122 (Mayhugh's last known business address).

Plaintiff requests that service be deemed complete upon mailing. Plaintiff also requests that the Court extend the period to serve the Summons and Complaint for an appropriate period.

For the reasons set forth in Plaintiff's Motion for Alternate Service of Process upon Defendants DMJ and Mayhugh and to Extend Summons, including the repeated efforts to serve such Defendants, the Court finds that the period during which Plaintiff may serve Defendants DMJ and Mayhugh shall be extended until January 30, 2006. The Court also concludes that Plaintiff shall have the right to serve such Defendants via first class mail to the three addresses set forth above. The Court will not, however, order that service shall be complete upon mailing of the Summons and Complaint. Proof of service of such documents shall be required. *See* Fed. R. Civ. P. 4(l).

Accordingly, Plaintiff's Motion for Alternate Service of Process upon Defendants DMJ and Mayhugh and to Extend Summons is GRANTED IN PART and DENIED IN PART

### IV.  CONCLUSION

Accordingly, and for the reasons set forth above, Bekins' Motion to Vacate Default Judgment is GRANTED, and Plaintiff's Motion for Alternate Service and to Extend Summons is GRANTED IN PART AND DENIED IN PART.

    IT IS SO ORDERED.


                        s/Lawrence P. Zatkoff
                        LAWRENCE P. ZATKOFF
                        UNITED STATES DISTRICT JUDGE

Dated:  December 14, 2005

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 14, 2005.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290