UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRESTMARK FINANCIAL CORPORATION,
a Michigan corporation,

       Plaintiff,

v.                                     Honorable Sean F. Cox

DMJ Services, Inc., a Florida corporation,     Case No. 05-73076
MICHELLE A. MAYHUGH, an individual,
and BEKINS WORLDWIDE SOLUTIONS,
a Delaware corporation,

       Defendants
_____/

## OPINION & ORDER

       Plaintiff filed this action on August 9, 2005, asserting breach of contract and promissory estoppel claims against three defendants. On October 31, 2006, Plaintiff filed a motion seeking a default judgment as to two defendants. The Court heard oral argument on February 15, 2007. For the reasons set forth above, Plaintiff's Motion for Default Judgment shall be: 1) considered withdrawn as to Defendant Michelle Mayhugh; and 2) granted as to Defendant DMJ Services, Inc.

## BACKGROUND

       Plaintiff Crestmark Financial Corporation ("Crestmark") filed this action against DMJ Services, Inc. ("DMJ"), Michelle Mayhugh ("Mayhugh") and Bekins Worldwide Solutions ("Bekins") on August 9, 2005. Crestmark's complaint included the following counts:

•      "Breach of Contract by DMJ" (Count I), in which Crestmark alleges that DMJ breached a

1

Purchase and Security Agreement by failing to pay amounts owed to Crestmark.  With respect to this Count, the complaint seeks a judgment against DMJ of $97,635.66, plus interest, costs and attorneys' fees.

- "Breach of Contract by Mayhugh" (Count II), in which Crestmark alleges that Mayhugh has breached a Guaranty to pay amounts owed to Crestmark by DMJ.  With respect to this Count, the complaint seeks a judgment against Mayhugh of $97,635.66, plus interest, costs and attorneys' fees.

- "Promissory Estoppel against DMJ and Mayhugh" (Count IV), in which Crestmark asserts that certain promises made by DMJ and Mayhugh must be enforced to prevent injustice.  This Count also seeks a judgment against DMJ and Mayhugh in the amount of $97,635.66, plus interest, costs and attorneys' fees.

- "Unjust Enrichment against DMJ and Mayhugh" (Count V), in which Crestmark asserts that DMJ and Mayhugh have been unjustly enriched by their failure to make payment to Crestmark.  This Count seeks $97,635.66, plus interest, costs and attorneys' fees.

- "Declaratory Judgment" (Count VI), in which Crestmark asserts that there is an actual case or controversy as to the legal rights and remedies of the parties with respect to Bekins's asserted right of setoff against the funds owed to Crestmark on the DMJ invoices purchased by Crestmark.  With respect to this Count, the complaint seeks a declaratory judgment declaring that Bekins has no legal right of setoff against the funds owed to Crestmark on the DMJ invoices purchased by Crestmark.

The Purchase and Security Agreement between Crestmark and DMJ, personally guaranteed by Mayhugh, provides that DMJ shall pay all "reasonable attorney fees" Crestmark incurs arising out of that agreement.  (*See* Purchase and Security Agreement, attached as Ex.B to Compl.; Guaranty, attached as Ex. D to Compl.).

The action was originally assigned to Judge Lawrence Zatkoff.  On November 18, 2005, Crestmark filed a Motion for Alternate Service of Process Upon Defendants DMJ and Mayhugh.

In an Opinion & Order dated December 14, 2005, Judge Zatkoff granted in part, and denied in part, Crestmark's Motion for Alternate Service.  The court denied Crestmark's motion in that it rejected the assertion that Crestmark "arguably" effected proper service on DMJ and Mayhugh on September 1, 2005.  The Court granted the motion in that it granted Crestmark's

2

request that it be allowed to serve Defendants DMJ and Mayhugh via First Class Mail at the addresses below:

1.  16006 Kilmarnock Dr., Miami Lakes, Florida 33014 (Mayhugh's last known residence);

2.  9150 NW 105 Way, Medley, Florida 33178 (DMJ's last known business address as reported to the State of Florida); and

3.  8100 NW 29th Street, Miami, Florida 33122 (Mayhugh's last known business address).

(12/14/06 Opinion & Order at 4-5).

On December 19, 2005, Crestmark filed a Return of Service indicating that on December 16, 2005, a copy of the complaint and summons was served upon Mayhugh/DMJ Services via First Class Mail to 9150 NW 105 Way Medley, FL 33178.  A second Return of Service was filed on that same date indicating that Mayhugh was served via First Class Mail sent on December 16, 2005, to 8100 NW 29th, Miami, FL 33122.  A third Return of Service was also filed on December 19, 2005, that indicated that Mayhugh was served via First Class Mail sent on December 16, 2005, to 16006 Kilmarnock Drive, Miami Lakes, FL 33014.

On January 19, 2005, after DMJ and Mayhugh had failed to answer or appear in this action, Crestmark filed requests seeking a Clerk's Entry of Default as to Mayhugh and DMJ.  On that same date, a Clerk's Entry of Default was filed by the Court with respect to DMJ and Mayhugh.  On June 28, 2006, the case was reassigned to this Court.

On October 31, 2006, Crestmark filed the instant motion requesting a default judgment against DMJ and Mayhugh.  The Court scheduled Plaintiff's Motion for Default Judgment to be heard on February 15, 2007.  Plaintiff served its Motion for Default Judgment on both Mayhugh and DMJ prior to the February 15, 2007 hearing.  (*See* Docket Entries Nos. 34 and 35).

3

On February 14, 2007, Mayhugh submitted a letter to the Court indicating that she had filed for bankruptcy and included Crestmark in her bankruptcy. (*See* Docket Entry No. 36). DMJ has not filed any opposition to Plaintiff's request for a default judgment against DMJ.

Although Plaintiff appeared for the February 15, 2007 hearing, neither Mayhugh nor DMJ appeared. At the hearing, Plaintiff's counsel indicated that it would submit supplemental materials in support of its motion. Counsel also indicated that, after reviewing files relative to Mayhugh's claimed bankruptcy, Plaintiff would indicate whether it intended to proceed with its request for a default judgment as to Mayhugh.

On February 22, 2007, Plaintiff filed supplemental materials in support of its request for a default judgment as to DMJ, and indicated that it does not wish to pursue a default judgment as to Mayhugh at this time. (*See* Docket Entry No. 37). The Court therefore construes Plaintiff's Motion for Default Judgment as withdrawn as to Mayhugh. Thus, only Plaintiff's request for a default judgment as to DMJ need be considered by the Court at this time.

<u>ANALYSIS</u>

In its motion, Crestmark asserts that DMJ owes it a total amount of $85,145.48. In support of that assertion, Crestmark submits the affidavit of its Vice President, Susan Hickey ("Hickey").

Rule 54 of the Federal Rules of Civil Procedure provides that a "judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." FED. R. CIV. P. 54(c). With respect to each of the counts asserted against DMJ, Crestmark's complaint sought judgment against DMJ in the amount of $97,635.66, plus interest, costs and attorneys' fees. Thus, Crestmark is not seeking damages that are different in kind than

4

those asserted in its complaint.

Plaintiff has also filed documents establishing that it incurred a total of $3,536.73 in costs and attorneys' fees attributable to pursuing its claims against DMJ in this action. The Court concludes that a full award of these fees and costs is appropriate.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's Motion for Default Judgment is hereby **WITHDRAWN** as to Defendant Mayhugh.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED** as to Defendant DMJ. An appropriate Default Judgment shall issue forthwith.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 12, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 12, 2007, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager